UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

Case No.  **2:25-cv-00656-MCS-PVC**                         Date  **March 31, 2025**

Title  *Acosta v. NAS Insurance Services, LLC*

Present: The Honorable   Mark C. Scarsi, United States District Judge

|  Stephen Montes Kerr  |  Not Reported  |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):         Attorney(s) Present for Defendant(s):

None Present                                                    None Present

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTION TO DISMISS (ECF NO. 13) AND MOTION TO REMAND (ECF NO. 20)

Plaintiff Jacqueline Acosta filed this employment discrimination action in Los Angeles County Superior Court. Defendant NAS Insurance Services, LLC ("NAS") removed the action to this Court on the basis of diversity jurisdiction. (Notice of Removal ¶¶ 15–16, ECF No. 1.)[1] After removal, NAS filed a motion to dismiss certain claims. (MTD, ECF No. 13-1.) Plaintiff opposed, (MTD Opp'n, ECF No. 14), and NAS replied, (MTD Reply, ECF No. 15). The Court held a hearing on the motion, but Plaintiff's counsel did not appear, so the Court took the motion under submission. (Mins., ECF No. 22.) Plaintiff also filed a motion to remand. (MTR, ECF No. 20). NAS opposed, (MTR Opp'n, ECF No. 27), and Plaintiff replied, (MTR Reply, ECF No. 33). The Court deems the motion appropriate for decision without oral argument. C.D. Cal. R. 7-15.

---

[1] Plaintiff filed her initial complaint against Tokio Marine HCC Surety Group. (*See* Willis Decl. Ex. 1, ECF No. 1-2.) She then filed a first amended complaint, adding Tokio Marine America Insurance Company ("TMAIC") as a defendant. (*See id*. Ex. 9, ECF No. 1-2.) Plaintiff then filed an amendment to replace Tokio Marine HCC Surety Group with NAS Insurance Services, LLC d/b/a Tokio Marine HCC. (*See id*. Ex. 18, ECF No. 1-2.) Therefore, the two named defendants in this suit are TMAIC and NAS.

## I. BACKGROUND

According to the first amended complaint, Defendants hired Plaintiff in June 2023 as an operations associate. (Willis Decl. Ex. 9 ("FAC") ¶ 17, ECF No. 1-2.) Plaintiff worked 6:00 a.m. to 2:00 p.m. five days a week, four of which were from home. (*Id.* ¶ 19.) In November 2023, Plaintiff's 18-month-old son, "N," was diagnosed with a sever developmental delay. (*Id.* ¶ 24.) As a result, N required assistance to carry out basic functions and also needed to attend regular medical appointments. (*Id.* ¶¶ 25–26.) In December, Plaintiff met with her direct supervisors and a human resources representative and informed them about N's disability "[i]n hopes of obtaining reasonable accommodations in order to care for [N]." (*Id.* ¶ 28; *see id.* ¶ 16.) Specifically, she requested reduced hours, a flexible work schedule, and the ability to work from home all five days per week. (*Id.* ¶ 30.)

However, Plaintiff contends that Defendants responded to every attempt to engage in reasonable accommodation with "dissuasion, disregard, or outright denial." (*Id.* ¶ 29.) She alleges that after her requests, Defendants began retaliating against her, including forcing her to take unpaid leave of absence and working off-the-clock hours. (*Id.* ¶¶ 32–34.) When Plaintiff submitted another accommodation request, Defendants responded that "accommodations are for employees who have a disability, and do not extend to dependents of employees for whom the employee is a caretaker." (*Id.* ¶ 36 (internal quotation marks omitted).) After the alleged retaliation campaign continued, (*see, e.g.*, *id.* ¶¶ 41–44), Plaintiff alleges Defendants "constructively terminated" Plaintiff in February 2024, (*id.* ¶ 45).

On these and other allegations, Plaintiff asserts claims against Defendants for (1) associational disability discrimination under the Fair Employment and Housing Act ("FEHA"); (2) failure to provide reasonable accommodation under FEHA; (3) failure to engage in a good faith interactive process under FEHA; (4) wrongful termination in violation of public policy; (5) retaliation in violation of California Labor Code section 1102.5; and (5) retaliation under FEHA. (FAC ¶¶ 60–124.)

## II. LEGAL STANDARDS

### A. Motion to Remand Standard

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court

if the federal court could exercise original jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction," and "[t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing subject-matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (stating that there is a "strong presumption" against removal jurisdiction, and that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

To invoke diversity jurisdiction, a party must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). A limited liability company ("LLC") "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

B.  **Motion to Dismiss Standard**

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

///

## III. MOTION TO REMAND

The Court first turns to Plaintiff's motion to remand, which it denies.

Plaintiff contends that remand is appropriate, as diversity jurisdiction is not satisfied because both Plaintiff and NAS are citizens of California. (MTR 3.) Plaintiff avers that NAS is a corporation that was formed in California, and maintains its principal place of business in California, and therefore is a citizen of California. (*Id.* at 4–5.) In response, NAS argues that Plaintiff's analysis is "fundamentally flawed" because NAS is an LLC, and therefore its citizenship is determined by the citizenship of its members, not its place of incorporation and principal place of business. (MTR Opp'n 2.) The Court agrees. In removal cases, jurisdiction is analyzed "on the basis of the pleadings filed at the time of removal." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). In the notice of removal, NAS represented that it is a single member LLC, and its sole member, HCC Insurance Holdings, Inc., is a citizen of Delaware and Texas. (Notice of Removal ¶¶ 22–24; *see also* Corp. Disclosure Statement, ECF No. 3.) Therefore, NAS stated that it is also a citizen of Delaware and Texas. (*Id.* ¶ 24.) *See Johnson*, 437 F.3d at 899. NAS reiterates this analysis in its opposition and confirms its codefendant also has diverse citizenship. (MTR Opp'n 6–8.)

In her motion, Plaintiff offers no persuasive argument or relevant evidence as to why the Court should consider NAS to be a corporation rather than an LLC. In fact, Plaintiff fails to address the fact that NAS is registered as an LLC at all. Plaintiff's reply is also insufficient, abandoning virtually all the arguments she employs in her opening brief. (MTR Reply 3.) She suggests that Defendant NAS is "retreating into [its] formal LLC status," despite publicly representing itself as a California corporation. (*Id.*) Therefore, she asks the Court to apply the doctrine of judicial estoppel and construe NAS as a California corporation for the purpose of jurisdiction. Plaintiff's counsel provides a self-serving declaration to support this contention. Even if the Court considered it, the declaration hardly reinforces the position that NAS is not an LLC. (*See* LaCour Decl., ECF No. 33-1.) Moreover, the Court assumes from the lack of legal authority cited in Plaintiff's brief that she is aware that judicial estoppel is designed to prevent a litigant from making contradictory arguments regarding the same dispute in different legal tribunals, which is obviously not applicable here. *See PowerAgent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1192 (9th Cir. 2004). Finally, to the extent Plaintiff's judicial estoppel argument had any merit in the first place, the Court disregards it, as she did not raise it in her opening motion. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir.

2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

Plaintiff's motion to remand is denied.

## IV. MOTION TO DISMISS

Next, the Court turns to NAS's motion to dismiss, which it also denies.

NAS contends that Plaintiff fails to state a claim in her second cause of action for failure to provide reasonable accommodation under California Government Code section 12940(m) and her third cause of action for failure to engage in a good faith interactive process under section 12940(n). (MTD 2.) NAS argues that FEHA does not require employers to provide reasonable accommodation or engage in the interactive process with employees claiming associational disabilities. (*Id.* at 5.) Primarily, NAS contends that sections 12940(m) and (n) make no express mention of persons with associational disabilities, and therefore the plain text of the statute precludes any application to associational disabilities. (*Id.* at 5–8.)

As a preliminary matter, both parties agree the California Supreme Court has not decided whether associational disability extends to subsections (m) and (n). However, in this case the Court "must predict how [the California Supreme Court] would decide the issue." *Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1284 (9th Cir. 2017). Although neither party cites it, another court in this district has issued a published opinion on the same question in front of this Court and concluded "the FEHA permits employees to bring accommodation and interactive-process claims based on a theory of associational disability." *See McVay v. DXP Enters., Inc.*, 645 F. Supp 3d 971, 975 (C.D. Cal. 2022). Setting aside this persuasive decision, this Court independently arrives at the same conclusion.

The Court first examines the text of the statute. *White v. County of Sacramento*, 31 Cal. 3d 676, 681 (1982) ("[A] court is to construe a statute so as to effectuate the purpose of the law." (internal quotation marks omitted)). FEHA prohibits employment discrimination based on "[r]ace, religious creed, color, national origin, ancestry, physical disability, mental disability, reproductive health decisionmaking, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or veteran or military status." Cal Gov't Code § 12940(a). Associational disability is not expressly mentioned in this list, but in the "Definitions" section, FEHA provides that "unless

a different meaning clearly appears from the context," *id.* § 12926, this list of protected characteristics is defined to include "[a] perception that [a] person is associated with a person who has, or is perceived to have, any of those characteristics or any combination of those characteristics," *id.* § 12926(o)(3). Therefore, the definition of "disability" under FEHA includes those who are associated with someone who possesses a disability. Consistent with this, a California Court of Appeal has determined that "FEHA provides a cause of action for associational disability discrimination." *Castro-Ramirez v. Dependable Highway Express, Inc.*, 2 Cal. App. 5th 1028, 1036 (2016). The appellate court articulated that the definition of disability in FEHA "embraces association with a physically disabled person." *Id.*

On this basis alone, the Court believes that when "disability" is referenced in FEHA, the term is meant to include associational disabilities. Therefore, when section 12940(m) provides that employers must make reasonable accommodation "for the known physical or mental disability of an applicant or employee," and when section 12940(n) states employers must engage in a good faith interactive process in response to a request for accommodation "by an employee or applicant with a known physical or mental disability," the statutes embrace employees perceived to be associated with a person who is disabled, as Plaintiff is in this case.

NAS argues that sections 12940(m) and (n) do not expressly state that they apply to individuals with associational disabilities. (MTD 5–6.) However, NAS does not provide this Court with any compelling argument why it should not read the definition of disability from section 12926(o) into section 12940. Indeed, as the appellate court in *Castro-Ramirez* opined, section 12940(m) should not be read "in isolation," but rather as part of the broader statutory scheme, which suggests that section 12940(m) "may reasonably be interpreted to require accommodation based on the employee's association with a physically disabled person." *Castro-Ramirez*, 2 Cal. App. 5th at 1038–39. In line with this Court's interpretation, the court in *McVay* also took this guidance to mean that "disability" is defined throughout the statutory scheme to include associational disability as well. *McVay*, 645 F. Supp. 3d at 976; *see also Castro v. Classy, Inc.*, No. 3:19-cv-02246-H-BGS, 2020 U.S. Dist. LEXIS 35556, at *12–14 (S.D. Cal. Mar. 2, 2020) (finding that a plaintiff's associational disability claims brought under subsections (m) and (n) were sufficient to survive a motion to dismiss).[2]

---

[2] NAS spills much ink in its reply imploring the Court not to apply *Castro-Ramirez*, because its observations about section 12940(m) are dicta, and *Classy*, because it is an unpublished district court decision. (*See* MTD Reply 5–8.) In the same breath,

The Court also rejects NAS's argument that the Court should turn to the Americans with Disabilities Act ("ADA") to analyze the questions related to failure to accommodate and failure to engage claims in the FEHA context. (MTD 7–8.) Such guidance is of limited use here since "[t]he ADA creates a cause of action for associational disability discrimination using language that structurally is different than FEHA." *Castro-Ramirez*, 2 Cal. App. 5th at 1040; *see id.* (stating that because of these structural differences, "[o]ne cannot, therefore, read 'association with a disabled person' into every use of the term 'disability' in the ADA"); *see also McVay*, 645 F. Supp. 3d at 976 (finding that the differences between the ADA and FEHA regarding associational disability "demands a difference in interpretation of the two statutes").

Therefore, the Court finds that Plaintiff may bring associational disability claims under sections 12940(m) and (n).

## V.   CONCLUSION

The Court denies Plaintiff's motion to remand and NAS's motion to dismiss. NAS shall answer the complaint within 14 days. Fed. R. Civ. P. 12(a)(4)(A).

**IT IS SO ORDERED.**

---

NAS asks this Court to take notice of an unpublished state court opinion of no precedential value, (*id.* at 8), and entirely overlooks *McVay*, which, while not binding, is still a relevant, published opinion from this district.